IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEONARD H. ARLINE,       )
                         )
       Petitioner,       )
                         )
v.                       )      Civil Action No. 3:06CV261–HEH
                         )
COMMONWEALTH OF VIRGINIA,)
                         )
       Respondent.       )

FILED MAR -5 2014 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## MEMORANDUM OPINION
### (Denying Rule 60(b) Motion)

Leonard H. Arline, a Virginia state prisoner, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). By Memorandum Opinion and Order entered on February 22, 2007, the Court found the relevant statute of limitations barred the § 2254 Petition and dismissed the action. (*See* ECF Nos. 15–16.) On December 20, 2013, the Court received a Federal Rule of Civil Procedure 60(b) Motion from Arline ("Rule 60(b) Motion"). (ECF No. 23.) For the reasons set forth below, the Rule 60(b) Motion will be dismissed as untimely.

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of extraordinary circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must cross the "initial threshold" showing of "'[ (1) ] timeliness, [ (2) ] a meritorious [claim or] defense, [ (3) ] a lack of unfair prejudice to the opposing party, and [ (4) ] exceptional

circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

In his Rule 60(b) Motion, Arline asserts that the Court erred in dismissing his § 2254 Petition as untimely. Because Arline argues "that the Court committed a mistake of law, Rule 60(b)(1) applies." *Johnson v. Kelly*, Nos. 3:10CV086, 3:07CV737, 3:10CV299, 2010 WL 1172646, at *1 (E.D. Va. Mar. 23, 2010) (citing *Taylor v. Va. Dep't Transp.*, 170 F.R.D. 10, 11 (E.D. Va. 1996)). "Rule 60(b)(1) motions asserting legal mistake as a ground for relief must be filed before the time to appeal had elapsed." *Id.* (citing *Moeller v. D'Arrigo*, 163 F.R.D. 489, 493 (E.D. Va. 1995)); *cf. In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal." (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989))). Because Arline filed his Rule 60(b) Motion well after the time to appeal had expired, the Rule 60(b) Motion (ECF No. 23) will be denied as untimely. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 4, 2014
Richmond, Virginia